Case 2:09-cv-05320-JLL-CCC   Document 9   Filed 11/19/09   Page 1 of 4
Case 2:09-cv-05320-JLL-CCC   Document 8   Filed 11/05/09   Page 4 of 7
Case 2:09-cv-05320-JLL-CCC   Document 6   Filed 11/04/2009   Page 1 of 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

UES INTERMODAL AG,

        Plaintiff,

v.

COSCO SHANGHAI SHIP MANAGEMENT
CO., LTD. (COSHIPMAN)

and

CHINA OCEAN SHIPPING (GROUP) COMPANY,

        Defendants.

09 CV 5320 (JLL)
ECF Case

**ORDER FOR APPOINTMENT
OF PROCESS SERVER AND
ISSUANCE OF MARITIME
ATTACHMENT AND
GARNISHMENT**

---

       On October 26, 2009, Plaintiff UES INTERMODAL AG, filed an Amended Verified Complaint in the captioned action seeking damages of US$11,178,056.15, and seeking the issuance of Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

       The Court has reviewed the Amended Verified Complaint and the Supporting Declaration of Kirk M. Lyons, dated October 19, 2009, and finds that the conditions of Supplemental Admiralty Rule B appear to exist.

       **ACCORDINGLY, IT IS HEREBY**

       **ORDERED,** that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to or being held for Defendants by any garnishee identified in Schedule A to this Order, upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in an amount of up to US$11,178,056.15, pursuant

1

Case 2:09-cv-05320-JLL-CCC   Document 9   Filed 11/19/09   Page 2 of 4
Case 2:09-cv-05320-JLL-CCC   Document 8   Filed 11/05/09   Page 5 of 7
Case 2:09-cv-05320-JLL-CCC   Document 6   Filed 11/04/2009   Page 2 of 4

to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and, it is further,

**ORDERED**, that any person claiming an interest in any property attached or garnished pursuant to this Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the attachment and garnishment should not be vacated; and it is further,

**ORDERED**, that any person at least 18 years of age and not a party to this action, employed with or appointed by Lyons & Flood, LLP, be and hereby is appointed to serve this Order and Process of Maritime Attachment and Garnishment on any garnishee identified in Schedule A to this Order, and on such additional garnishees as so permitted herein; and, it is further,

**ORDERED**, that supplemental process specifying other or additional garnishees and enforcing the Court's Order may not be issued by the Clerk without further Order of the Court; and, it is further,

**ORDERED**, that initial service by the designated process server shall be made personally upon such garnishee; and, it is further,

**ORDERED**, that a copy of this Order be attached to and served with the initial service of the Process of Maritime Attachment and Garnishment upon each garnishee; and, it is further,

**ORDERED**, that pursuant to Federal Rule of Civil Procedure 5(b)(2)(E) and/or (F), any garnishee may consent to deem service to be effective and continuous for any period of time not to exceed 60 days from the date of this order. Such consent may be manifested in the garnishee's rules, policies or other instructions regarding service; and, it is further,

**ORDERED**, that following initial service as described above, if any supplemental

2

Case 2:09-cv-05320-JLL-CCC   Document 9   Filed 11/19/09   Page 3 of 4
Case 2:09-cv-05320-JLL-CCC   Document 8   Filed 11/05/09   Page 6 of 7
Case 2:09-cv-05320-JLL-CCC   Document 6   Filed 11/04/2009   Page 3 of 4

service of the Process of Maritime Attachment and Garnishment is required, it shall be made e-mail or other electronic means pursuant to Fed. R. Civ. P. 5(b)(2)(E) and/or (F). Such consent may be manifested in the garnishee's rules, policies or other instructions regarding service; and, it is further,

**ORDERED**, that any garnishee served with this Order, upon determining that it is in possession of any property which may be subject to this Order, shall, as soon thereafter as is practicable, advise the plaintiff of such details about the attachment as are reasonably available to it; and, it is further,

**ORDERED**, that this Order shall automatically expire 120 days from the date of its issuance if no assets or other property has been restrained pursuant to this Order, unless the plaintiff shows good cause for an extension of this Order for an additional 60 days. Further 60-day extensions may be granted in the discretion of the Court, but only upon a showing by plaintiff of extraordinary circumstances. All applications for extensions shall be made by letter to the Court.

Dated: ~~October~~ Nov 2nd, 2009

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
Jose L. Linares

3

## SCHEDULE A

(1) COSCO Container Lines Americas, Inc.
(2) COSCO Container Lines Co., Ltd.
(3) COSCO North America, Inc.
(4) COSCO Guangzhou Ocean Shipping Co. Ltd.
(5) COSCO Shanghai International Freight Co. Ltd.
(6) COSCO Americas, Inc.
(7) China COSCO Holdings Company Ltd.
(8) COSCO Shipping Co., Ltd.